special duty of keeping a vigilant lookout, and giving the pilot timely information of any obstruction, difficulty, or danger in the navigation of his boat.

A decree will therefore be entered on the basis of mutual fault. But as it appears there was some injury sustained by the Goody Friends, and also some detention resulting from the collision, in relation to which I am not aware that there is any evidence before the court, the court will either now hear the evidence, or refer it to a commissioner to ascertain the injury suffered by that boat. If, however, the counsel can agree upon the amount, it will supersede the necessity of either course. This amount will be deducted from the loss sustained by the libellants, and a decree will be entered against the Goody Friends for one-half of the balance, with interest from the date of the collision.

## Case No. 17,437.

### WESTERN INSURGENTS' CASE.

[See Case No. 15,443.]

WESTERN MASS. INS. CO. (NORWICH & N. Y. TRANSP. CO. v.). See Case No. 10,363.

## Case No. 17,438.

### The WESTERN METROPOLIS.

[2 Ben. 212.] [1]

District Court, S. D. New York. March, 1868.

LIBEL FOR SEAMAN'S WAGES—ANSWER—PAYMENT AND RELEASE.

Where a libel was filed for seaman's wages, and the answer set up that the libellant had been paid in full before suit brought, and had released the vessel and her master and owners from all claim by a release under seal, and the libellant excepted to the answer because the date of the release was not set forth, nor the time when it was made, nor the consideration for which it was given, held, that the defence was payment, and the release was only evidence of it, and it was not necessary to state its date or consideration, or when it was given.

A. Nash, for libellant.
J. K. Hill, for claimants.

BLATCHFORD, District Judge. This is a hearing on exceptions to an answer. The libel is for seaman's wages. The answer sets up, that the libellant had, prior to the filing of the libel, been paid in full for all services rendered by him as seaman on the vessel, and, by a release, under seal, released the vessel and her master and owners from all claim and demand. The answer is excepted to because the date of the release is not given, or the time stated when it was made, or the consideration for which it was given. The claim in the libel is wholly for services ren-

dered by the libellant as seaman on the vessel. The answer sets up, in proper form, payment in full to the libellant therefor, before the filing of the libel. The release is merely evidence of the payment, and is as good to that end, whether it was given at one time or another, or whether it bears one date or another. It was not necessary to state its date, or when it was given, or its consideration. On the trial, the claimants will be held to prove the payment as and when alleged. The release will not be conclusive evidence of such payment. The question which the proctor for the libellant seems to desire to raise, as to a settlement having been made in fraud of the rights of such proctor, cannot be raised by exception to this answer. His rights, if they have been violated, will be protected on the trial. The exceptions are overruled, but without costs.

## Case No. 17,439.

### The WESTERN METROPOLIS.

[2 Ben. 399.] [1]

District Court, S. D. New York. May, 1868. [2]

COLLISION — STEAMER PORTING IN IGNORANCE OF SCHOONER'S COURSE—LOOKOUT—SPEED.

1. Where a schooner, heading west-south-west on her starboard tack, running over from Horseshoe shoal, near Nantucket, toward the Cross-Rip light, was struck on her starboard side by a steamer which had come up, bound east, till near the schooner, the steamer's helm having been at once ported, when the schooner was seen ahead, and kept so till the collision occurred: Held, that the steamer was in fault in porting, whether it was done wilfully, or in ignorance of the schooner's course, for, by that porting she followed up the schooner and struck her.

2. The evidence of the pilot of the steamer, that he saw the schooner from a quarter to a half mile off, is more reliable than that of other witnesses who came out suddenly into the darkness, that she could not be seen so far off.

3. On the evidence, the night was light enough to have enabled the steamer to discover the schooner sooner than she did, if a good lookout had been kept, and, if it was not light enough, the steamer was running at too great speed.

4. The schooner had a light set, and kept her course, and was not in fault; and that the steamer was liable for the collision.

Benedict & Benedict, for libellant.
W. R. Beebe and C. Donohue, for claimants.

BLATCHFORD, District Judge. This is a libel for a collision, which occurred about four o'clock a. m., on the 17th of March, 1864, between the schooner Triumph, owned by John Low, Jr., which was bound from Gloucester, Massachusetts, to New York, with a cargo of fish, and the steamer Western Metropolis, a side-wheel steamer, bound from New York to Boston. The collision took place a short distance east by south, or east-southeast, from the Cross-Rip lightship, near the Nantucket

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [Affirmed in Case No. 17,441.]